UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR545 HEA |
| ) | |
| WILLIAM A. VINTON, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 29], of United States Magistrate Judge Terry I. Adelman, pursuant to 28 U.S.C. § 636(b). Judge Adelman has recommended that Defendant's Motion to Suppress Statements and Evidence, [Doc. 19], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a de novo review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to

the audio recording of the hearings held on December 17, 2008 and reading the transcript thereof.

## Discussion

In addition to renewing his grounds presented in his motion to suppress evidence and statements, Defendant specifically objects to Judge Adelman's finding that Defendant voluntarily allowed the police to enter his home and voluntarily consented to the warrantless search of his home by the police; that Defendant was not in custody when he spoke to the police in his home, that *Miranda* warnings were not required, and that his statements were voluntary; and to the finding that Defendant's waiver of his rights under *Miranda v. United States*, 384 U.S. 436 (1966), and the Fifth and Sixth Amendments was knowing, intelligent and voluntary.

In support of his objection, Defendant argues that the totality of the circumstances would not have caused a reasonable person to believe that Defendant consented to the entry and warrantless search of his home, and the government failed to show voluntary consent by a preponderance of the evidence. Defendant bases this argument on the testimony of Witness Daniel Berry. Mr. Berry testified that he vaguely heard a knock on the door, but that he heard the conversation between Defendant and Detective Brown, and that officers pushed Defendant out of

their way in order to enter the home. Defendant argues that Mr. Berry is indeed credible because he volunteered that he had used an alias, despite the fact that this information did not appear in the police report. Considering Mr. Berry's testimony in its entirety, the Court agrees that Mr. Berry was not credible. He testified that he vaguely heard the knock over the television, yet he was able to specifically hear the conversation between Defendant and the detectives; he lied about his identity; he testified that he could not see the officer who took down his name because he was not wearing his glasses, but that he did not need his glasses to watch television or to see across the room; he testified that he did not drive, but admitted that he had had an outstanding arrest warrant for "driving without a license" and that he had a prior felony conviction for "driving while intoxicated." Additionally, as the Government points out, Mr. Berry's testimony was inconsistent with not only Detective Brown's testimony, but with the account of the hearsay witness "Taz" that the defense sought to introduce. Moreover, Mr. Berry testified that he heard the officers claim that Mr. David Lee had molested a young girl. However, as Judge Adelman correctly observes, Mr. Berry's testimony was the only testimony which indicates any such information regarding Mr. Lee. While the police reports indicate that Mr. Lee was under investigation regarding a child-molestation, the sole focus of the entry into Defendant's home was the burglary investigation, as evidenced by the detailed

narrative of the investigation of gun theft.  Mr. Berry's testimony that the police indicated that Mr. Lee had evaded them is nowhere substantiated by the report or other testimony.  The Court also concludes that Mr. Berry's testimony regarding how the officers entered the home is not credible.

With respect to Defendant's objection regarding whether Defendant was in custody during the conversation in the kitchen with Detective Brown, this Court concludes the objection is without merit.  Defendant contends that the statements made by him were custodial statements and thus required the *Miranda* warning.  *Miranda v. Arizona*, 384 U.S.436, 444 (1966).  The Fifth Amendment to the Constitution protects an individual from being compelled to be a witness against himself in a criminal case.  **U.S. Const. amend. V**.  It is elementary that in order to safeguard an individual's Fifth Amendment rights, a suspect in custody must be warned before being interrogated that he has the right to remain silent and that any statement he makes may be used against him.  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  The safeguards described in *Miranda* only apply when a suspect is in custody.  *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam).

The Eighth Circuit has developed a series of factors for determining when an individual is in custody.  *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990).  These factors include: (1) whether the officer informed the suspect that the questioning was voluntary and the suspect was free to leave; (2)

whether the suspect's freedom of movement was restrained during the questioning; (3) whether the suspect contacted the authorities or voluntarily agreed to answer the questions; (4) whether the officers employed strong-arm tactics or deceptive tactics during the questioning; (5) whether the atmosphere of the questioning was police-dominated; or (6) whether the officers placed the suspect under arrest at the end of the questioning. *Id*. In all cases, the relevant inquiry is how a reasonable person in the suspect's position would have understood the situation. *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). Defendant was in his own home; he was not restrained; a single officer, Detective Brown, talked to Defendant; the conversation lasted a mere five minutes from the time the officers entered the door until Defendant consented to a full search of the home; no voices were raise, no guns were drawn; the officers did not threaten or coerce Defendant. While Defendant argues that Judge Adelman did not consider Defendant's vulnerable subjective state, Defendant fails to present evidence that Defendant was using drugs on the day in question or that Defendant did not understand what was being asked. On the contrary, Detective Brown testified that Defendant was coherent and did not appear to be under the influence of drugs. Defendant was rational and he did not object to the search.

When Defendant told Detective Brown that he could not read or write, Detective Brown read the waiver to Defendant and asked him if he understood. As

Judge Adelman observes, Defendant has had previous confrontations with law enforcement. He has been previously convicted of multiple felony crimes. The Court finds that Defendant's statements were made voluntarily and his waiver was knowing, informed and voluntary. His objections are therefore overruled.

Defendant also object to Judge Adelman's refusal to consider the hearsay testimony presented by Defendant's case agent and to the finding that the hearsay statements were unreliable. As has been previously articulated by Judge Adelman, the statements were from an individual using the name "Taz." This individual refused to give Defendant's investigator his last name or his real first name. He talked with the investigator on the telephone, but refused to meet her in person. He refused to show up to testify at the hearing in this matter. Likewise, Defendant's girlfriend, who was hiding in the closet during the search, did not appear at the hearing, in spite of a subpoena to do so. Judge Adelman's offer to issue an arrest warrant for the girlfriend was declined. Neither individual is credible and the Court finds no error in Judge Adelman's refusal to consider the hearsay testimony.

**Conclusion**

Having conducted a *de novo* review of the Motion to Suppress and the record before the Court, Defendant's objections are overruled. The Memorandum and Recommendation contains a very thorough analysis of the facts and applicable law. The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

IT IS ORDERED that Defendant's Motion to Suppress Statements and Evidence, [Doc. 19], is denied.

Dated this 27th day of May, 2009.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE